IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 77427-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DAVID BRENT HAGGARD, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: June 3, 2019 |

HAZELRIGG-HERNANDEZ, J. — David B. Haggard seeks reversal of his convictions for unlawful possession of a firearm in the second degree and possession of methamphetamine. Haggard contends that his score was miscalculated because a misdemeanor conviction dismissed after successful completion of a deferred sentence should not have interrupted the washout period for his prior class C felony convictions. As we held in State of Washington v. David B. Haggard, No. 77426-3-I, the plain language of the statute is unambiguous and does not indicate that the legislature intended dismissal to be equivalent to vacation. In a Statement of Additional Grounds for Review, Haggard contends that the trial court erred in finding his prior California convictions to be predicate felonies for purposes of an unlawful possession of a firearm charge. Because we conclude that two of the prior convictions could properly serve as predicate offenses, we affirm.

FACTS

David Haggard was convicted of three felonies in California in 2002, 2004, and 2005. In 2002, he pled nolo contendere to unlawful taking and driving of a motor vehicle. He pled guilty to one count of possession of methamphetamine in 2004 and another in 2005. He was released from incarceration on the last of these offenses on May 22, 2008.

Haggard was subsequently charged with assault in the fourth degree in Snohomish County District Court for events occurring in late 2010 and pleaded guilty to the reduced charge of disorderly conduct. He received a deferred sentence. On March 1, 2012, the Snohomish County District Court found Haggard to be in compliance with the conditions of his deferred sentence and dismissed the case ex parte. In April 2015, Haggard petitioned for resentencing on his 2004 and 2005 convictions for possession of methamphetamine as authorized by a change in California law and the convictions were converted to misdemeanors.

Haggard was charged with unlawful possession of a firearm in the second degree and violation of the Uniform Controlled Substances Act. Haggard filed a motion to exclude his prior California convictions as predicate offenses for the unlawful possession of a firearms charge. He argued that the possession of methamphetamine convictions could not be predicate felony convictions because they had been amended to misdemeanors. He also argued that the taking of a motor vehicle conviction could not be used as a predicate conviction because it was constitutionally invalid. The court denied the motion and entered the following written conclusions of law:

- 2 -

The defendant's felony convictions out of the state of California are predicate felonies for purposes of an Unlawful Possession of a firearm in the Second Degree under RCW 9.41.042:

1. The resentencing of the Defendant's offenses drug possession offenses (FMB005756; FMB007522) as misdemeanors pursuant to CPC 1170.18 does not apply retroactively to the Defendant's felony convictions and is not retroactive. Therefore those convictions remain predicate felony convictions within the meaning of RCW 9.41.40. Pursuant to Nelson v. State, 120 Wn. App. 470, 479—80, 85 P.3d 912, 917 (2003), in considering the effect of a post sentence reduction, dismissal, or expungement of a conviction, courts should look to the statute allowing for any such post re-designation, dismissal or expungement and its legislative intent in order to determine its effect on the underlying conviction. The plain language of CPC 1170.18 subsection (k) is clear in that convictions re-designated misdemeanors under this statute remain felonies for purposes of firearm prohibitions. Furthermore, in considering CPC 1170.18 and its effect, California courts have specifically found that CPC 1170.18 does not apply retroactively (see. People v. Park, 56 Cal. 4th 782, 299 P.3d 1263, 156 Cal. Rptr. 3d 307 (2013), People v. Rivera, 233 Cal. App. 4th 1085, 1100, 183 Cal. Rptr. 3d 362, 372 (2015)).

. . .

3. The defendant's California felony convictions for Possession of Methamphetamine (FMB005756; FMB007522) and Unlawful Driving or Taking a Vehicle under California Vehicle Code (FMB004969) are constitutionally valid felony convictions that have not been vacated and are predicate felonies for purposes of an Unlawful Possession of a firearm in the Second Degree under RCW 9.41.042

The trial court engaged in a full colloquy with Haggard and found that he knowingly, voluntarily, and intelligently waived his right to a jury trial. After a bench trial, the court found Haggard guilty of both charges.

Before sentencing, the court heard argument on Haggard's offender score. The State argued that the governing statute specifically states that vacated

convictions will not be used to calculate a future offender score but does not provide the same benefit to charges dismissed pursuant to a deferred sentence. Because Haggard's 2010 conviction had been dismissed but not vacated, the State contended that he was not entitled to exclude his prior California felony convictions from the offender score calculation. Haggard responded that the distinction between "vacation" and "dismissal" was artificial and the two terms were interchangeable for misdemeanor convictions. He argued that the statute was ambiguous because it was unclear whether vacation under RCW 9.96.060 had a different legal effect than a dismissal under RCW 3.66.067, and the court should apply the rule of lenity in his favor. The trial court found that the statute was not ambiguous and that it was clear from the language of the statute that the defendant had to petition the court and give notice to the prosecutor to have the conviction vacated. Only then would the court exclude the prior conviction when calculating an offender score. Therefore, the court found that Haggard's dismissed misdemeanor conviction interrupted the washout period for his prior felonies because the misdemeanor was not vacated.

Because Haggard's prior felonies did not wash out, the court determined that he had an offender score of six. Haggard was sentenced to 25 months imprisonment on the unlawful possession of a firearm charge and 12 months and 1 day on the possession of methamphetamine charge. The sentencing hearings for this matter and another case in which Haggard was convicted of arson in the second degree and burglary in the second degree occurred simultaneously. All four sentences were ordered to run concurrently. Haggard timely appealed.

Haggard also appealed this same issue with a separate Statement of Additional Grounds for Review in State of Washington v. David Haggard, No. 77426-3 -I.

## DISCUSSION

### I.    Offender Score

Haggard contends that his dismissed 2010 conviction should not have been included in his criminal history when calculating his offender score because dismissal of a misdemeanor conviction is equivalent to vacation of that conviction. As we found in State of Washington v. David Haggard, No. 77426-3-I, the language of the misdemeanor dismissal and vacation statutes is clear and unambiguous and Haggard's dismissed 2010 conviction interrupted the washout period for his prior felonies. The trial court did not err in sentencing Haggard based on an offender score of six.

### II.    Motion to Exclude Prior Convictions

In a Statement of Additional Grounds, Haggard contends that the trial court erred in denying his motion to exclude his prior California convictions and in finding that they could serve as predicate offenses for the charge of unlawful possession of a firearm. We construe his assignments of error as challenges to the trial court's conclusions of law that (1) his convictions for possession of methamphetamine could serve as predicate offenses even though they had been reduced to misdemeanors by ballot measure and that (2) the trial court was not the appropriate venue for a challenge to the constitutional validity of his conviction for taking a motor vehicle. Because we find that his prior convictions for possession

of methamphetamine could serve as predicate convictions, we do not reach the constitutional challenge to the taking of a motor vehicle conviction.

A. Possession of Methamphetamine

Haggard contends that the court erred in holding that his California convictions for possession of methamphetamine could serve as predicate offenses for unlawful possession of a firearm when the offenses had been reduced to misdemeanors by ballot measure. A trial court's conclusion of law that a prior conviction can serve as a predicate offense turns on statutory construction, which we review de novo. State v. Azpitarte, 140 Wn.2d 138, 140–41, 995 P.2d 31 (2000).

In 2014, California passed Proposition 47, which reclassified a number of former felony offenses as misdemeanors, including possession of methamphetamine. Cal. Health & Safety Code § 11377(a); People v. Rivera, 233 Cal. App. 4th 1085, 1091–92, 183 Cal. Rptr. 3d 362 (2015). The legislation included a procedure to amend felony convictions retroactively:

> (f) A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors.
> (g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor.

Cal. Penal Code § 1170.18. However, resentencing would not reinstate the person's eligibility to own firearms:

(k) A felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that resentencing shall not permit that person to own, possess, or have in his or her custody or control a firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6.

Id.

In Washington, a person is guilty of unlawful possession of a firearm in the second degree if the person possesses a firearm after having been convicted "in this state or elsewhere of any felony" not designated as a predicate offense for unlawful possession in the first degree. RCW 9.41.040(2)(a)(i). Under the statute, a person has been "convicted" at the time the court accepts a plea of guilty. RCW 9.41.040(3). "Conviction includes a dismissal entered after a period of probation, suspension or deferral of sentence, and also includes equivalent dispositions by courts in jurisdictions other than Washington state." Id. However, if the conviction "has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence" or rehabilitation of the person convicted, the person shall not be precluded from possessing a firearm. Id. A "felony" is defined as "any felony offense under the laws of this state or any federal or out-of-state offense comparable to a felony offense under the laws of this state." RCW 9.41.010(8). Possession of methamphetamine is a class C felony in Washington. RCW 69.50.4013; RCW 69.50.206(d)(2).

Haggard argued below that the convictions no longer met the definition of "any felony" under the unlawful possession of a firearm statute. In denying his motion, the trial court concluded that Cal. Penal Code § 1170.18 "does not apply

retroactively to the Defendant's felony convictions and is not retroactive." This is not an accurate statement of the law. By its express terms, Cal. Penal Code § 1170.18 allows offenders who have completed their sentences to petition for their felony convictions to be retroactively designated as misdemeanors. The court cites Rivera, 233 Cal. App. 4th 1085, and People v. Park, 56 Cal. 4th 782, 299 P.3d 1263, 156 Cal. Rptr. 3d 307 (2013), to show that "California courts have specifically found that [Cal. Penal Code §] 1170.18 does not apply retroactively." Rivera found that the language in Cal. Penal Code § 1170.18(k) that the redesignated offense "shall be considered a misdemeanor for all purposes" did not apply retroactively and therefore the matter remained a "felony case" for the purpose of appellate jurisdiction. Rivera, 233 Cal. App. 4th at 1100–01. Park, which was decided before Cal. Penal Code § 1170.18 was enacted, concluded that a "wobbler"—an offense that can be charged as a felony or misdemeanor—that is reduced to a misdemeanor "is deemed a 'misdemeanor for all purposes,' except when the Legislature has specifically directed otherwise." 56 Cal. 4th at 795. We do not read these cases to support the trial court's broad conclusion that Cal. Penal Code § 1170.18 does not apply retroactively.

Although we disagree with the reasoning for the trial court's conclusion, we agree that the redesignated convictions may be used as predicate offenses. Regardless of the fact that his California convictions were designated as misdemeanors, the offenses are felonies for the purposes of RCW 9.41.010 because the necessary elements are comparable to felony offenses under the laws of this state.

- 8 -

Haggard also argued below that the retroactive amendment of his offenses from felonies to misdemeanors amounted to a pardon, annulment, or other equivalent procedure based on a finding of innocence. Although the record does not contain the order designating the possession of methamphetamine convictions as misdemeanors, the language of the California statute does not suggest that the amendment amounts to a finding of innocence. Substituting misdemeanor designations for felony designations has no effect on the underlying facts of the convictions. Two convictions for possession of methamphetamine remain on Haggard's record. Because possession of methamphetamine is a felony offense in Washington, it is immaterial for the purposes of RCW 9.41.010 whether the predicate California convictions were felonies or misdemeanors in that jurisdiction.

B. Taking a Motor Vehicle

Haggard also contends that the court erred in concluding that his challenge to the constitutionality of his prior conviction for taking a motor vehicle in an effort to exclude the conviction as a predicate offense was barred under RCW 10.73.090. Because we conclude that the possession of methamphetamine convictions were properly used as predicate offenses for his conviction of unlawful possession of a firearm in the second degree, we do not reach this issue.

We affirm.

WE CONCUR: