# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CAI HUNTER MCINTOSH, | No. 57583-3-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, | PUBLISHED OPINION |
| Respondent. | |

LEE, J. — Cai H. McIntosh appeals the superior court's order denying his petition to restore his firearm rights. McIntosh argues that the superior court erred by misapplying our Supreme Court's opinion in *Barr v. Snohomish County Sheriff* (*Barr* II)[1] and that under RCW 13.50.260, his sealed juvenile convictions must be treated as though they never occurred. We hold that under our Supreme Court's decision in *Barr* II, an adjudication in a sealed juvenile proceeding in which a juvenile is convicted of an offense continues to exist as a conviction for the purposes of restoration of firearm rights. Therefore, McIntosh's juvenile adjudications resulting from his convictions for first degree rape of a child and first degree child molestation disqualify him from petitioning for restoration of firearm rights. We affirm the superior court's order denying McIntosh's petition for restoration of firearm rights.

---

[1] 193 Wn.2d 330, 440 P.3d 131 (2019).

No. 57583-3-II

FACTS

On July 25, 2022, McIntosh filed a petition to restore his firearm rights. In his petition, McIntosh declared that the court had previously terminated his firearm rights based on a now sealed 2014 conviction[2] and that he met the other statutory requirements for restoration of firearm rights. The State responded by arguing that McIntosh had prior class A sex offense convictions and that under our Supreme Court's opinion in *Barr* II, those convictions still made him ineligible for firearm rights restoration despite being sealed. McIntosh replied that *Barr* II did not apply to a petition to restore firearm rights under state law.

Following a hearing, the superior court entered the following written findings:

1.  That on or about 6/16/2014 Petitioner was convicted of Rape of a Child First degree and Child Molestation First degree pursuant to cause no: 14-8-00106-7 In Clark Co. Washington Juvenile court.

2.  Rape of a Child First degree and Child Molestation First degree are Class A sex offenses pursuant to RCW 9A.44.073 and RCW 9A.44.083.

3.  The convictions were sealed pursuant to RCW 13.5[0].260.

4.  That based upon Barr v. Snohomish County Sheriff, 193 [Wn].2d 330, 440 P.3d 131 (2019), the Court finds that regardless of the sealing of the convictions for Rape of [a] Child in the first degree and Child Molestation in the first degree, they remain as convictions that still exist as a matter of State law.

---

[2] It is undisputed that juvenile adjudications are convictions for the purposes of the firearm statutes. RCW 9.41.010(6) ("'Conviction' or 'convicted' means, whether in an adult court or adjudicated in juvenile court, that a plea of guilty has been accepted or a verdict of guilty has been filed, or a finding of guilt has been entered, notwithstanding the pendency of any future proceedings including, but not limited to, sentencing or disposition, posttrial or post-fact-finding motions, and appeals.").

Clerk's Papers at 11-12. Because a petitioner does not qualify to have their firearm rights restored if they have been convicted of a class A sex offense, the superior court denied McIntosh's petition for restoration of firearm rights.

McIntosh appeals.

## ANALYSIS

McIntosh argues that the superior court erred by denying his petition to restore firearm rights because *Barr* II is inapplicable and his sealed convictions could not be considered in light of RCW 13.50.260(6)(a), which states that once sealed, "the proceedings in the case shall be treated as if they never occurred." The State argues that *Barr* II held that sealed juvenile convictions continue to exist as a matter of state law and, therefore, McIntosh's sealed juvenile convictions for class A felony sex offenses preclude McIntosh from petitioning for restoration of his firearm rights. We agree with the State.

A.    LEGAL PRINCIPLES

Former RCW 9.41.040(4) (2022)[3] does not expressly grant the superior court discretion in the restoration of firearm rights. *State v. Swanson*, 116 Wn. App. 67, 75, 65 P.3d 343, *review denied*, 150 Wn.2d 1006 (2003). Instead, the superior court is required to serve a ministerial function once the petitioner has demonstrated they have satisfied all statutory requirements. *Id* at 78. Whether the superior court properly applied the facts to the requirements of the statute is a question we review de novo. *See Crossroads Management, LLC v. Ridgway*, ___ Wn.3d ___, 540

---

[3] In 2023, the legislature recodified the provisions for restoration of firearm rights from former RCW 9.41.040(4) to RCW 9.41.041. LAWS OF 2023, ch. 295, § 4.

P.3d 82, 87, (2023) ("'Our review of the application of a court rule or law to the facts is de novo.'" (quoting *Malted Mousse, Inc. v. Steinmetz*, 150 Wn.2d 518, 525, 79 P.3d 1154 (2003))).

Further, this case requires an interpretation of the juvenile sealing statute, RCW 13.50.260, and we review questions of statutory interpretation de novo. *Jametsky v. Olsen*, 179 Wn.2d 756, 761, 317 P.3d 1003 (2014). The primary goal of statutory interpretation is to determine and give effect to the legislature's intent. *Id.* at 762. To determine legislative intent, we first look to the statute's plain language. *Id.* "If the statute's meaning is plain on its face, we give effect to that plain meaning as the expression of what was intended." *TracFone Wireless, Inc. v. Dep't of Revenue*, 170 Wn.2d 273, 281, 242 P.3d 810 (2010). Only when a statute is ambiguous do we turn to statutory construction, legislative history and relevant case law to determine legislative intent. *Jametsky*, 179 Wn.2d at 762.

Under former RCW 9.41.040(1), a person unlawfully possesses a firearm if they have previously been convicted of any serious offense. However, former RCW 9.41.040(4)(a) allows a person who is otherwise prohibited from possessing firearms under former RCW 9.41.040(1) to petition to have their right to possess firearms restored. If a person is prohibited from possessing firearms and has a conviction for a sex offense prohibiting firearm ownership or a class A felony, then that person is disqualified from petitioning for restoration of firearm rights. Former RCW 9.41.040(4)(a).

B.   SEALED JUVENILE CONVICTIONS AS DISQUALIFYING OFFENSES

McIntosh was convicted of first degree rape of a child and first degree child molestation, both serious offenses. Both first degree rape of a child and first degree child molestation are class A felonies. RCW 9A.44.073(2), .083(2). First degree rape of a child and first degree child

molestation are also sex offenses that prohibit firearm ownership. Former RCW 9.41.040(1), (4); RCW 9.41.010(42), (43); RCW 9.94A.030(47). Generally, McIntosh's juvenile convictions disqualify him from petitioning for restoration of firearm rights. Former RCW 9.41.040(4)(a). However, McIntosh's juvenile convictions were sealed under RCW 13.50.260. Under RCW 13.50.260(6)(a), once sealed "the proceedings in the case shall be treated as if they never occurred."

McIntosh argues that because RCW 13.50.260(6)(a) requires that sealed proceedings be treated as though they never occurred, his juvenile convictions should be treated as though they never occurred—essentially that they no longer exist—and, therefore, his sealed juvenile convictions cannot disqualify him from having his firearm rights restored. Prior to *Barr* II, case law supported this position. *See Nelson v. State*, 120 Wn. App. 470, 85 P.3d 912 (2003).

In *Nelson*, the court addressed whether juvenile convictions that were sealed under former RCW 13.50.050 (2001), and expunged were convictions that prohibited a person from carrying a firearm. 120 Wn. App. at 475-76. Former RCW 13.50.050(14) provided that, if the court granted a motion to seal juvenile records, "the proceedings in the case shall be treated as if they never occurred." Based on the language of the statute, the court held,

> If the proceedings never occurred, logically the end result—a conviction—never occurred either. The plain language of the expungement statute entitles Nelson to act and be treated as if he has not previously been convicted. If he has not previously been convicted, he may legally possess firearms.
> The trial court did find that Nelson had previous convictions, and the State contends the finding is supported by Nelson's acknowledgment of his prior convictions in his petition. But even if the fact of Nelson's juvenile convictions is undisputed, legally the court could not conclude he had been "convicted" for purposes of the firearm statute because the court was obligated to treat the juvenile proceedings as if they never occurred.

*Nelson*, 120 Wn. App. at 479-80. The court held that following the sealing and expungement, Nelson had no convictions that make it unlawful for him to possess firearms under former RCW 9.41.040 (1997). *Id.* at 481.

Following *Nelson*, other courts determined that sealed juvenile convictions did not disqualify a person from restoration of firearm rights. The court in *Woodward v. State* relied on *Nelson* to hold that a sealed juvenile class A felony conviction did not render an individual ineligible for restoration of firearm rights. 4 Wn. App. 2d 789, 793-95, 423 P.3d 890 (2018).

And in *Barr v. Snohomish County Sheriff* (*Barr* I), this court relied on *Nelson* to determine whether (1) sealed juvenile class A felony convictions prohibited a person from having their firearm rights restored and (2) a person with sealed juvenile class A felony convictions was entitled to have a concealed pistol license (CPL). 4 Wn. App. 2d 85, 93, 419 P.3d 867 (2018). Barr had been adjudicated of two class A felonies as a juvenile. *Id.* at 91. More than 20 years later, Barr's juvenile convictions were sealed by the juvenile court. *Id.* After Barr's juvenile records were sealed, the superior court entered an order restoring Barr's firearm rights, then Barr applied for a CPL. *Id.* at 91-92. The sheriff's office denied Barr's application for a CPL, and Barr sought a writ of mandamus directing the sheriff's office to issue him a CPL. *Id.* at 92.

This court held that *Nelson* was controlling and, therefore, the juvenile convictions were legally required to be treated as though they had never occurred. *Id.* at 98. This court stated, "[b]ecause Barr is treated as not having been previously adjudicated of the juvenile offenses, he is neither prohibited from possessing a firearm under RCW 9.41.040 nor prevented from receiving a CPL." *Id.* at 98-99. Our Supreme Court granted review of *Barr* I. *Barr v. Snohomish County Sheriff*, 191 Wn.2d 1019, 428 P.3d 1171 (2018).

On review, our Supreme Court noted that the parties disagreed as to what happens to disqualifying juvenile adjudications after they are statutorily sealed. *Barr* II, 193 Wn.2d at 336. Barr argued that once his juvenile class A felony convictions were sealed, they no longer existed as convictions because the sealing statute dictated that "'the proceedings in the case shall be treated as if they never occurred'" and, therefore, the convictions never occurred. *Id.* at 336-37 (quoting RCW 13.50.260(6)(a)). Our Supreme Court disagreed.

Our Supreme Court determined that the relevant question was whether the sheriff properly denied Barr's CPL because a CPL could not be issued to a person who was prohibited by federal law from possessing a firearm. *Id.* at 335. Under federal law, a person is prohibited from possessing a firearm if they have a conviction for a crime punishable for a term of more than one year. *Id.* And for the purposes of the federal law, a conviction was determined by state law rather than defined by federal law. *Id.* The federal law explicitly stated that convictions that had been expunged, set side, pardoned, or had civil rights restored do not qualify as convictions. *Id.* Our Supreme Court determined its inquiry was straightforward:

> First, we ask whether Barr has been convicted of a crime punishable by over one year of imprisonment pursuant to Washington law. As detailed below, we conclude that he has. We then ask whether any of the specified subsequent events (expungement, setting aside, pardon, or restoration of civil rights) have occurred. Again as detailed below, we conclude they have not.

*Id.* at 335-36 (citations omitted). In addressing Barr's argument that because his juvenile class A felony convictions were sealed, they no longer existed as convictions pursuant the sealing statute, our Supreme Court stated:

> The problem with this argument is that it sidesteps the required federal statutory analysis. Under that analysis, the question is not how a conviction is currently treated by state law. Instead the question is whether there was a conviction

and, if so, whether a subsequent event has occurred such that the conviction is no longer "considered a conviction" that prohibits firearm possession pursuant to the federal statute. 18 U.S.C. § 921(a)(20). Thus, our inquiry at the first step is limited to asking whether there was, in fact, a conviction of a crime punishable by over one year of imprisonment as a matter of state law. *Siperek v. United States*, 270 F. Supp. 3d 1242, 1248 (W.D. Wash. 2017).

Washington State law clearly provides that Barr's juvenile class A felonies are convictions punishable by over one year imprisonment. While the sealing order makes those convictions invisible to most people, *they do still exist*. *Id.* at 1248-49. This conclusion is evident from the simple fact that the sealing order will be nullified by "[a]ny charging of an adult felony subsequent to the sealing." RCW 13.50.260(8)(b). If that happens, the convictions do not somehow come back into existence; they merely come back into public view.

*Id.* at 337 (emphasis added) (alterations in original). Our Supreme Court then went on to explain that sealing juvenile records was not the equivalent of having convictions expunged, set aside, pardoned, or that his civil rights were restored. *Id.* at 338. Therefore, they remained disqualifying convictions. *Id.*

Barr relied on *Nelson*, but the court found Barr's reliance on *Nelson* to be misplaced. *Id.* at 339.

*Nelson* explicitly states that the juvenile records at issue there were expunged, while Barr's were merely sealed. Some courts have read *Nelson* to mean that "the sealing of a juvenile case constitutes expungement of the juvenile offense," but that is not the case. . . . As detailed above, sealing merely hides a record from the view of the general public. Nelson, meanwhile, "had a full expungement, and the records have been destroyed." *Nelson*, 120 Wn. App. at 474. Therefore, "there [were] no longer official records of any such [disqualifying] offense." *Id.* at 480. That is clearly not the case here, so *Nelson* does not apply.

*Id.* (some alterations in original). Thus, the court distinguished *Nelson* because *Nelson* explicitly stated that the juvenile convictions were expunged and the records had been destroyed, not merely sealed. *Id.*

Here, we must determine whether to follow *Nelson* and, therefore conclude that McIntosh's juvenile convictions for class A sex offenses simply do not exist or whether *Barr* II controls and,

therefore, McIntosh's convictions disqualify him from petitioning for restoration of firearm rights. We conclude that *Barr* II applies.

First, *Barr* II expressly distinguished *Nelson* because the records in *Nelson* had been expunged and destroyed. There is no evidence that the records of McIntosh's juvenile convictions have been expunged or destroyed. Therefore, *Nelson* is as inapplicable to McIntosh as it was to Barr.

Second, *Barr* II's determination is consistent with other provisions of the statute which clearly contemplate the conviction remain accessible to certain agencies. *See* RCW 13.50.260(8)(c)-(e) (requiring the administrative office of the courts to ensure prosecutors have access to information on the existence of sealed juvenile records and the Washington State Patrol ensure both state and out-of-state criminal justice agencies have access to sealed juvenile records).

Moreover, sealed juvenile proceedings continue to have an effect contingent on future events without requiring any affirmative action to bring the juvenile adjudications back into existence. For example, under RCW 9.94A.525(2)(a), "[c]lass A and sex prior felony convictions shall always be included in the offender score." And RCW 13.50.260(8)(b) provides that "[a]ny charging of an adult felony subsequent to the sealing has the effect of nullifying the sealing order." Thus, if McIntosh reoffends and an offender score is calculated, he would necessarily have been charged with an adult felony and, therefore, the sealing order would be nullified. The fact that the sealing order can be automatically nullified further supports that McIntosh's convictions still exist but are merely shielded from public view as our Supreme Court stated in *Barr* II.

Accordingly, under *Barr* II, McIntosh's juvenile convictions for class A felony sex offenses still exist under state law and, therefore, he is disqualified from petitioning for restoration

9

No.  57583-3-II

of firearm rights under former RCW 9.41.040(4)(a).  The superior court properly denied McIntosh's petition for restoration of firearm rights.

We affirm the superior court's order denying McIntosh's petition for restoration of firearm rights.

Lee, J.

We concur:

Glasgow, C.J.

Price, J.