Sheriff's Arguments
¶ 14 The Sheriff makes several arguments In support of the superior court's denial of Woodward's petition, many of which were considered and rejected in Barr. We address each in turn.
A. Nelson Remains Good Law
¶ 15 The Sheriff argues that because Nelson was decided before relevant statutory amendments to RCW 13.50.260, it no longer applies. We disagree.
¶ 16 The Sheriff first asserts that it is not clear whether Nelson applies to class A juvenile felony convictions, noting that Nelson does not identify the petitioner's crimes or address whether they fit into the exclusion from restoration of firearm rights in RCW 9.41.040. The Barr court rejected this argument, noting that "the Nelson decision did not turn on the felony class, and the sealing statute does not differentiate between felony classes." Barr, 4 Wash. App. 2d at 99, 419 P.3d 867. We agree with Barr.
¶ 17 The Sheriff further contends that subsequent amendments to the sealing statute render the Nelson analysis obsolete. Prior to 2014, agencies could not view information about sealed adjudications because the Washington State Patrol (WSP) criminal history database was prohibited from obtaining or including any information about the conviction. Resp't Snohomish county Sheriff's Office Resp. Br. at 13. In 2014, the legislature recodified RCW 13.50.050 into RCW 13.50.260, deleted sections that prohibited WSP from obtaining such information, and added a section that provides prosecutors access to information on the existence of sealed juvenile records. RCW 13.50.260(8)(c). In 2015, the legislature added a section that provides criminal justice agencies access to sealed juvenile records information. RCW 13.50.260(8)(d). The Sheriff contends that following these statutory amendments, it is no longer tenable to argue that sealed juvenile records should be treated as though they do not exist because the sealing statute does not treat them that way.
¶ 18 We agree with the Barr court that these amendments do not render the holding in Nelson obsolete. Simply because RCW 13.50.260(8)(c) and (d) now require juvenile records to be accessible to prosecutors and criminal justice agencies, does not alter the fundamental holding in Nelson that under RCW 13.50.260(6)(a) once juvenile adjudications are sealed, they cannot be used while sealed. Requiring records be kept, even if they are sealed, is logical and necessary under RCW 13.50.260(8)(a) and (b) which mandate that sealed juvenile records be unsealed if the defendant is subsequently adjudicated of a juvenile crime or adult felony.
¶ 19 Moreover, " 'The Legislature is presumed to be aware of judicial interpretation of its enactments,' and where statutory language remains unchanged after a court decision the court will not overrule clear precedent interpreting the same language." Riehl v. Foodmaker, Inc., 152 Wash.2d 138, 147, 94 P.3d 930 (2004) (quoting Friends ofSnoqualmie Valiey v. King County Boundary Review Bd., 118 Wash.2d 488, 496-97, 825 P.2d 300 (1992) ). RCW 13.50.260 has been amended eight times since Nelson. Yet "the legislature has never altered the provision stating that sealed adjudications are 'treated as if they never occurred.' " Barr, 4 Wash. App. 2d at 100, 419 P.3d 867 (quoting RCW 13.50.260(6)(a) ). Accordingly, we agree that "the legislature has clearly acquiesced to the court's interpretation of the sealing statute's mandate that sealed felony adjudications are 'treated as if they never occurred' and are not prohibitions to possessing a firearm." Barr, 4 Wash. App. 2d at 100, 419 P.3d 867.
B. Statutory Construction
¶ 20 The Sheriff argues next that Woodward's interpretation of RCW 9.41.040 and *894 RCW 13.50.260 conflict with several principles of statutory construction. Matters of statutory interpretation are reviewed de novo. Tesoro Refining and Marketing Co. v. State Dep't of Revenue, 164 Wash.2d 310, 316, 190 P.3d 28 (2008) (citing Burns v. Cityof Seattle, 161 Wash.2d 129,140, 164 P.3d 475 (2007) ). "The court's fundamental objective is to ascertain and carry out the Legislature's intent, and if the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." State, Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 9-10, 43 P.3d 4 (2002) (citing State v. J.M., 144 Wash.2d 472, 480, 28 P.3d 720 (2001) ). "If, however, the statutory language is amenable to more than one reasonable interpretation, a court may then resort to legislative history, principles of statutory construction, and relevant case law to resolve the ambiguity and ascertain the meaning of the statute." Ballard Square Condominium Owners Ass'n v. Dynasty Const.Co., 158 Wash.2d 603, 612, 146 P.3d 914 (2006).
1. Plain Language
¶ 21 The Sheriff first argues that Woodward's interpretation of RCW 9.41.040 and RCW 13.50.260 conflicts with the plain language of those statutes. According to the Sheriff, RCW 9.41.040 and RCW 13.50.260 address two separate topics: firearm possession and sealing of juvenile records. Therefore, the Sheriff contends RCW 13.50.260 cannot create a loophole for juvenile class A felons to evade application of RCW 9.41.040. But the Barr court disagreed, noting that the Nelson court rejected similar arguments in holding that "because the plain language of the juvenile record sealing statute entitled Nelson to be treated as if he had not been previously convicted, there was no conviction to be examined under RCW 9.41.040." Barr, 4 Wash. App. 2d at 104, 419 P.3d 867 (citing Nelson, 120 Wash. App. at 478-81, 85 P.3d 912 ). We agree with Barr and Nelson.
2. General-Specific Rule
¶ 22 The Sheriff contends that Woodward's reading of the statutes violates the "general-specific" rule of statutory construction. Under this rule, when two statutes governing the same subject matter conflict and cannot be harmonized, the specific statute prevails over the general statute. O.S.T. ex rel. G.T. v. BlueShield, 181 Wash.2d 691, 701, 335 P.3d 416 (2014). But the Barr court noted that a sealed juvenile record containing a class A felony conviction "is treated as if it never occurred" and "a CPL applicant with sealed adjudication has no convictions preventing firearm possession." 4 Wash. App. 2d at 104, 419 P.3d 867. Accordingly, Barr concluded that this rule did not apply because the firearm statutes and the sealing statute "do not conflict" and "can be easily harmonized." 4 Wash. App. 2d at 104, 419 P.3d 867. Again, we agree with Barr.
3. Legislative History
¶ 23 Next, the Sheriff argues that Woodward's reading of RCW 9.41.040 conflicts with the statute's legislative history.[3] The Sheriff notes that in 1994, when RCW 9.41.040 was reenacted and amended, the legislature found that "increasing violence in our society causes great concern for the immediate health and safety of our citizens" and therefore sought to reduce "the unlawful use of and access to firearms." LAWS OF 1994, 1st Spec. Sess., ch. 7, § 101, at 2196, 2197. But as the Sheriff correctly acknowledges, reference to legislative history is unnecessary where, as here, the language of the statute is plain. HomeStreet, 166 Wash.2d at 451, 210 P.3d 297. As discussed above, we agree with Barr that the plain language of RCW 9.41.040 and RCW 13.50.260 does not prohibit restoration of firearm rights. Carrying a firearm in this situation is not unlawful and does not conflict with legislative history.
4. Practical Difficulties
¶ 24 The Sheriff next asserts that treating RCW 13.50.260 as a firearm restoration statute would lead to practical difficulties and absurd results. The Sheriff notes that RCW 13.50.260(8)(a) provides that "[a]ny adjudication of a juvenile offense or a crime subsequent to sealing has the effect of nullifying a *895 sealing order." Consequently, according to the Sheriff, allowing this statute to summarily result in loss of firearm rights without further judicial process or notice would be confusing and absurd. But the Barr court rejected this argument. It noted that " RCW 9.41.047(1)(a) requires that a defendant be notified of his or her ineligibility to possess a firearm only under certain conditions, none of which are present here." Barr , 4 Wash. App. 2d at 106, 419 P.3d 867. Barr was aware he was ineligible to possess firearms based on his sealed adjudications, and that the sealing order notified him that the order would be nullified if he committed another felony. Therefore, "[i]t would not be absurd or unfair if the unsealing of these adjudications again rendered him ineligible to possess a firearm or a CPL." Barr, 4 Wash. App. 2d at 106, 419 P.3d 867. We agree with Barr.[4]
C. Attorney General Opinion
¶ 25 The Sheriff argues finally that Woodward's interpretation of the sealing statute conflicts with a 2002 opinion of the attorney general stating that persons convicted of class A felonies cannot receive restoration of firearm rights except through a pardon by the governor containing a specific finding of rehabilitation or innocence. While we give considerable weight to opinions of the attorney general, they are not binding on this court and we give less deference when the opinion concerns statutory construction. Skagit County Pub. Hosp. Dist. No. 304 v. Skagit County Pub. Hosp. Dist. No. 1, 177 Wash.2d 718, 725, 305 P.3d 1079 (2013).
¶ 26 The Sheriff made a similar argument in Barr. The Barr court declined to follow the same attorney general's opinion, explaining:
the attorney general published its opinion on firearm rights restoration in 2002, a year before the Nelson case was decided. Because of this, the attorney general did not have the benefit of case law directly on point when drafting its opinion. Accordingly, the attorney general's opinion is not useful and is ultimately not binding on this court.
Barr, 4 Wash. App. 2d at 105, 419 P.3d 867. We agree with Barr.
CONCLUSION
¶ 27 Under both Nelson and Barr. Woodward's sealed juvenile conviction must be treated as if it never occurred. Consequently, the superior court erred in denying Woodward's application to restore his firearm rights based on his sealed juvenile adjudication. We therefore reverse and remand to the superior court for further proceedings in accordance with this opinion.
¶ 28 We reverse.
WE CONCUR:
Verellen, J.
Becker, J.

This is Woodward's only statutory interpretation argument that was not addressed in Barr.

We note that the order sealing Woodward's juvenile class A felony conviction is not in the record before us. However, given the express statutory requirement that committing a subsequent crime results in nullification of the sealing order, it is reasonable to presume that a juvenile class A felon who became eligible to carry a firearm following entry of a sealing order is aware of the consequences of committing another crime.