

FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE MAY 0 9 2019

CHIEF JUSTICE

This opinion was
filed for record
at 8:00 on May 9, 2019

Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JERRY L. BARR III, | ) | No. 96072-1 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | EN BANC |
| | ) | |
| SNOHOMISH COUNTY SHERIFF, | ) | |
| | ) | Filed: __MAY 0 9 2019__ |
| Petitioner. | ) | |
| | ) | |

YU, J. — This case asks us to decide whether the Snohomish County sheriff (the Sheriff) is required to issue a concealed pistol license (CPL) to an individual whose sealed juvenile record includes adjudications for class A felonies. In this case, the answer is no. The Sheriff is not required to issue a CPL to a person who "is prohibited from possessing a firearm under federal law." RCW 9.41.070(1)(a). Due to respondent Jerry Barr's class A felony adjudications, federal law provides that it is unlawful for him to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g). We therefore reverse the Court of Appeals and

hold that Barr is not entitled to a writ of mandamus requiring the Sheriff to issue him a CPL.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 1992, when he was a juvenile, Barr was adjudicated guilty of three offenses, two of which are classified as class A felonies.[1] His criminal history also includes three convictions as an adult between 1996 and 2000.

In 2016, Barr received an order restoring his firearm rights as to the three adult convictions and one of the offenses he committed as a juvenile. The order was issued pursuant to RCW 9.41.040(4), which allows a court to restore firearm rights after an individual has spent a number of consecutive years in the community without being convicted of any other crimes. RCW 9.41.040(4) does not apply to class A felonies and sex offenses.

Barr's remaining two juvenile adjudications are class A felonies. In September 2016, Barr secured orders sealing the records of these two adjudications and declaring that "[s]o long as this case remains sealed, the offenses . . . do not prohibit [Barr] from possessing firearms under RCW 9.41.040." Clerk's Papers (CP) at 46-47.

---

[1] Because the records of these juvenile adjudications are sealed, we do not identify the exact offenses.

With these orders in hand, Barr applied for a CPL from the Sheriff in November 2016. The Sheriff denied the application based on the two sealed class A felonies, which were revealed in a search of the National Instant Criminal Background Check System and the Washington State Patrol criminal history database. The Sheriff determined that the two class A felonies, whether sealed or not, prohibited Barr from possessing a firearm pursuant to 18 U.S.C. § 922(g)(1), which made him ineligible for a CPL. *Id.* at 61.

Barr petitioned the Thurston County Superior Court for a writ of mandamus requiring the Sheriff to issue the CPL. The writ was denied, and Barr sought review in the Court of Appeals. In a published decision, Division Two reversed and remanded with an order to issue the writ. *Barr v. Snohomish County Sheriff*, 4 Wn. App. 2d 85, 89, 419 P.3d 867 (2018). The Sheriff petitioned for review in this court, which we granted. *Barr v. Snohomish County Sheriff*, 191 Wn.2d 1019 (2018). We also asked the parties to address in their supplemental briefs "whether a juvenile conviction which has been sealed is still a 'conviction' for purposes of the state and federal firearm statutes." Letter from Susan L. Carlson, Supreme Ct. Clerk, Wash., to the parties (Nov. 5, 2018), *Barr v. Snohomish County Sheriff*, No. 96072-1.

ISSUES

A.     Does the Sheriff have a mandatory duty to issue Barr a CPL?

B.     Is Barr entitled to attorney fees and costs on review?

ANALYSIS

RCW 9.41.0975(2)(a) allows an applicant to petition for a writ of mandamus directing an issuing agency to issue a CPL "wrongfully refused." A CPL is wrongfully refused if the issuing agency has a mandatory duty to issue one and refuses to do so. *See* RCW 7.16.160 (writ issued to "compel the performance of an act which the law especially enjoins as a duty resulting from an office"). We therefore must decide whether RCW 9.41.070 imposes a mandatory duty on the Sheriff to issue Barr a CPL. "The determination of whether a statute specifies a duty that the person must perform is a question of law." *River Park Square, LLC v. Miggins*, 143 Wn.2d 68, 76, 17 P.3d 1178 (2001). We review questions of law de novo. *Cost Mgmt. Servs., Inc. v. City of Lakewood*, 178 Wn.2d 635, 641, 310 P.3d 804 (2013).

A.     The Sheriff did not wrongfully refuse to issue Barr a CPL

To determine whether the Sheriff had a mandatory duty to issue a CPL to Barr, we look to the plain language of the CPL statute. RCW 9.41.070(1)(a) provides in relevant part that "the sheriff of a county shall within thirty days after the filing of an application of any person, issue a license to such person to carry a

4

pistol concealed on his or her person," unless the applicant "is prohibited from possessing a firearm under federal law." The issuing authority is required to perform a criminal history background check and "shall deny a permit to anyone who is found to be prohibited from possessing a firearm under federal or state law." RCW 9.41.070(2)(b).

Federal law provides that if a person "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," then it is unlawful for that person to "possess in or affecting commerce, any firearm or ammunition."[2] 18 U.S.C. § 922(g). "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). In addition, "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction." *Id.*

Our inquiry is thus straightforward. First, we ask whether Barr has been convicted of a crime punishable by over one year of imprisonment pursuant to Washington law. *Van Der Hule v. Holder*, 759 F.3d 1043, 1046 (9th Cir. 2014) (quoting *United States v. Valerio*, 441 F.3d 837, 840 (9th Cir. 2006)). As detailed

---

[2] "A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws." 18 U.S.C. § 925(c). There is no indication that Barr has made such an application.

below, we conclude that he has. We then ask whether any of the specified subsequent events (expungement, setting aside, pardon, or restoration of civil rights) have occurred. *Id.* Again as detailed below, we conclude they have not.[3] Therefore, the Sheriff correctly determined that Barr is prohibited from possessing firearms pursuant to federal law. As a result, the Sheriff is not required to issue Barr a CPL.

1.    Barr's sealed juvenile adjudications are convictions

The parties do not dispute that Barr's juvenile adjudications qualified as "convictions" before they were sealed.[4] We agree with the parties on this point. Our state firearms statute provides that "a person has been 'convicted', *whether in an adult court or adjudicated in a juvenile court*, at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed." RCW 9.41.040(3) (emphasis added). The legislature has thus made it clear that in the context of firearm possession, an unsealed juvenile adjudication carries the same consequences as an adult conviction. *See In re Det. of Anderson*, 185 Wn.2d 79, 86, 368 P.3d 162 (2016) ("when considering whether a statutory reference to

---

[3] If any such subsequent event had occurred, we would need to engage in a third step and ask whether the pardon, expungement, or restoration of civil rights expressly prohibits firearm possession. *Van Der Hule*, 759 F.3d at 1046.

[4] It is also undisputed that the offenses at issue here were punishable by imprisonment over one year pursuant to Washington State law. *See* former RCW 13.40.0357 (1992).

6

convictions includes juvenile adjudications," courts must "consider the particular statutory context and purposes to determine what the legislature intended").

The parties' disagreement focuses on what happens to disqualifying juvenile adjudications after they are statutorily sealed. Barr argues that once the records of his juvenile adjudications were sealed, they were no longer "convictions" because the record sealing statute provides that once the records are sealed, "the proceedings in the case shall be treated as if they never occurred." RCW 13.50.260(6)(a). Barr reasons that if the proceedings are treated as if they never occurred, the result—a conviction—must also be treated as if it never occurred. Therefore, a sealed juvenile adjudication is no longer a "conviction."

The problem with this argument is that it sidesteps the required federal statutory analysis. Under that analysis, the question is not how a conviction is currently treated by state law. Instead the question is whether there was a conviction and, if so, whether a subsequent event has occurred such that the conviction is no longer "considered a conviction" that prohibits firearm possession pursuant to the federal statute. 18 U.S.C. § 921(a)(20). Thus, our inquiry at the first step is limited to asking whether there was, in fact, a conviction of a crime punishable by over one year of imprisonment as a matter of state law. *Siperek v. United States*, 270 F. Supp. 3d 1242, 1248 (W.D. Wash. 2017).

7

Washington State law clearly provides that Barr's juvenile class A felonies are convictions punishable by over one year imprisonment. While the sealing order makes those convictions invisible to most people, they do still exist. *Id.* at 1248-49. This conclusion is evident from the simple fact that the sealing order will be nullified by "[a]ny charging of an adult felony subsequent to the sealing." RCW 13.50.260(8)(b). If that happens, the convictions do not somehow come back into existence; they merely come back into public view.

Moreover, it is evident that the Sheriff was required to consider Barr's juvenile class A adjudications when deciding whether to issue him a CPL. The Sheriff was required by statute to check "the Washington state patrol electronic database," RCW 9.41.070(2)(a), and the state patrol database must "provide[ ] criminal justice agencies access to sealed juvenile records information," RCW 13.50.260(8)(d). If the legislature requires law enforcement to search a database that must contain information on sealed convictions, then the legislature must have intended that law enforcement use information about the sealed convictions in determining whether to issue a CPL.

Barr's juvenile adjudications are clearly convictions that do still exist as a matter of state law, the sealing order notwithstanding. We must therefore ask whether Barr has obtained expungement, setting aside, pardon, or restoration of civil rights in relation to those convictions.

2.    None of the subsequent events specified by 18 U.S.C. § 921(a)(20) have occurred

As a matter of federal law, "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter." 18 U.S.C. § 921(a)(20). A sealing order is not equivalent to an expungement, and Barr does not argue that his class A felonies have been set aside or pardoned, or that he has had his civil rights restored in relation to those convictions.[5]  Therefore, they remain disqualifying predicate convictions for purposes of 18 U.S.C. § 922(g).

Barr relies heavily on *In re Firearm Rights of Nelson*, 120 Wn. App. 470, 85 P.3d 912 (2003), and at first glance, the underlying facts of *Nelson* appear similar to this case. In 1992, Nelson pleaded guilty as a juvenile to unspecified serious offenses that would have prohibited him from possessing a firearm. *Id.* at 472-73. In 2000, he applied for and received an order "sealing and expunging" his juvenile convictions. *Id.* at 473. Based on this order, *Nelson* held "that RCW 9.41.040 does not make it unlawful for Nelson to carry a firearm so long as he has no

---

[5] As noted above, Barr did obtain an order in relation to his class A felonies declaring that "[s]o long as this case remains sealed, the offenses . . . do not prohibit respondent from possessing firearms under RCW 9.41.040." CP at 46-47. However, this order does not restore his civil rights for purposes of 18 U.S.C. § 921(a)(20) because "the civil rights relevant under [that] provision are the rights to vote, hold office, and serve on a jury." *Logan v. United States*, 552 U.S. 23, 28, 128 S. Ct. 475, 169 L. Ed. 2d 432 (2007). Barr's order purports only to allow him to possess a firearm on a conditional basis as a matter of state law.

convictions other than those expunged." *Id.* at 481. However, Barr's reliance on *Nelson* is misplaced for two reasons.

First, the issue in *Nelson* was whether, as a matter of state law, "carrying a firearm is unlawful for a person who committed serious offenses as a juvenile, but has since obtained a court order expunging the record of those offenses." *Id.* at 472. Here, we do not need to decide whether state law prohibits Barr from possessing or carrying a firearm, and we expressly decline to do so. The only issue in this case is whether the Sheriff is required to issue Barr a CPL. The Sheriff declined to issue Barr a CPL after determining that federal law prohibited Barr from possessing firearms. Therefore we can and do decide this case based solely on the federal firearms statutes.

Second, *Nelson* explicitly states that the juvenile records at issue there were expunged, while Barr's were merely sealed. Some courts have read *Nelson* to mean that "the sealing of a juvenile case constitutes expungement of the juvenile offense," but that is not the case. *Siperek*, 270 F. Supp. 3d at 1249. As detailed above, sealing merely hides a record from the view of the general public. Nelson, meanwhile, "had a full expungement, and the records have been destroyed." *Nelson*, 120 Wn. App. at 474. Therefore, "there [were] no longer official records

of any such [disqualifying] offense." *Id.* at 480. That is clearly not the case here, so *Nelson* does not apply.[6]

For purposes of the federal firearms statutes, Barr's juvenile class A felonies are convictions punishable by over one year of imprisonment as a matter of state law. They remain convictions even though they have been sealed because they unquestionably still exist and the Sheriff was required to access them through the Washington State Patrol electronic database to determine whether to issue Barr a CPL. Barr's convictions have not been expunged or set aside, and Barr has not received a pardon or restoration of civil rights for these convictions. The Sheriff therefore correctly determined that it was not required to issue Barr a CPL and Barr is not entitled to a writ of mandamus.

B.    Barr is not entitled to attorney fees or costs on review

Barr requests attorney fees on review pursuant to RAP 18.1(a) and RCW 9.41.0975(2), which provides that an individual who successfully petitions for a writ of mandamus to obtain a CPL is entitled to reasonable attorney fees and costs. Because we hold Barr is not entitled to a writ of mandamus, he is not entitled to attorney fees or costs on review.

---

[6] The parties disagree on whether Nelson was qualified to have his records expunged pursuant to the sealing and expungement statutes in place at the time. We need not decide that question. It is clear from the opinion that properly or not, Nelson's records were in fact expunged and destroyed.

CONCLUSION

This case presents a narrow question to which we provide a narrow answer. The Sheriff was not required to issue Barr a CPL because, the sealing order notwithstanding, Barr's class A felony adjudications are predicate, disqualifying convictions for purposes of 18 U.S.C. § 922(g). We express no opinion on Barr's right to possess firearms as a matter of state law. We therefore reverse the Court of Appeals and hold that the trial court correctly denied Barr's petition for a writ of mandamus.

_____

Yu, J.

WE CONCUR:

_____  
Fairhurst, C.J.

_____  
Stephens, J.

_____  
Johnson, J.

_____  
González, J.

_____  
Madsen, J.

_____  
Wiggins, J.

_____  
Owens, J.

_____  
Geo. McCloud, J.

13