**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| TERRY L. KINCER,<br><br>                        Appellant,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>                      Respondent. | No. 57196-0-II<br><br><br>ORDER GRANTING MOTION<br>TO MODIFY OPINION AND<br>AMENDING OPINION |

Appellant Terry Kincer filed a motion to modify language in the court's April 18, 2023 published opinion regarding whether a person convicted of fourth degree assault domestic violence is prohibited from possessing a firearm under 18 U.S.C. § 922(g)(9). After consideration, the court grants the motion. The court's opinion is hereby amended as follows:

(1) On page 6, line 1 of last full paragraph: "fourth degree assault" is replaced with "a misdemeanor crime of";

(2) On page 7, line 1: "fourth degree assault" is replaced with "a misdemeanor crime of";

(3) On page 7, line 4 of first full paragraph: the first "would" is replaced with "could" and the second "would" is replaced with "might";

(4) On page 7, line 3 of second full paragraph: "would" is replaced with "could";

(5) On page 7, line 4 of second full paragraph: "would" is replaced with "might"; and

(6) On page 8, line 1 of second full paragraph: "would" is replaced with "may".

No. 57196-0-II

IT IS SO ORDERED.

_____
MAXA, P.J.

We concur:

_____
GLASGOW, J.

_____
CHE, J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| TERRY L. KINCER, | No. 57196-0-II |
| Appellant, | |
| v. | PUBLISHED OPINION |
| STATE OF WASHINGTON, | |
| Respondent. | |

MAXA, J. – Terry Kincer appeals the trial court's order denying his petition for restoration of his right to possess a firearm under RCW 9.41.040(4).[1]  Kincer had been prohibited from possessing firearms under Washington law as a result of a prior misdemeanor fourth degree assault domestic violence conviction.

It is undisputed that Kincer satisfied the requirements of RCW 9.41.040(4)(a) for having his right to possess a firearm restored under Washington law.  However, 18 U.S.C. § 922(g)(9) states that it is unlawful for a person convicted of a misdemeanor crime of domestic violence to possess firearms.  The trial court ruled that this federal statute preempted RCW 9.41.040(4) and precluded the restoration of Kincer's right to possess a firearm under Washington law.

---

[1] RCW 9.41.040 was amended after Kincer filed his petition, but the amendments are not material to this case.  Therefore, we cite to the current version of the statute.

No. 57196-0-II

We hold that (1) Kincer is entitled to restoration of his right to possess a firearm under RCW 9.41.040(4) because he has met the enumerated statutory requirements, and (2) 18 U.S.C. § 922(g)(9) does not preempt RCW 9.41.040(4) because restoring a person's right to possess a firearm under state law does not conflict with the federal prohibition of possessing a firearm. Accordingly, we reverse the trial court's order denying Kincer's petition to restore his right to possess a firearm and remand for the trial court to enter an order restoring Kincer's right to possess a firearm under Washington law.

## FACTS

In 1997, Kincer was convicted of fourth degree assault domestic violence, a gross misdemeanor. As a result, he was prohibited from possessing firearms under Washington law.

In March 2022, Kincer petitioned the trial court for an order restoring his right to possess a firearm under RCW 9.41.040(4). In the petition, Kincer declared,

> I have spent at least . . . three consecutive years in the community without being convicted or found not guilty by reason of insanity in any jurisdiction of any felony, gross misdemeanor, or misdemeanor. I have never been convicted or found not guilty by reason of insanity in any jurisdiction of any felony sex offense, class A felony, or any felony with a maximum sentence of at least twenty years. I am not currently charged in any jurisdiction with any felony, gross misdemeanor, or misdemeanor. I have no prior felony convictions that count as part of my offender score under RCW 9.94A.525. I have never been involuntarily committed for mental health treatment. . . . I have completed all conditions of my misdemeanor sentence(s).

Clerk's Papers at 2.

The State opposed Kincer's petition, arguing that 18 U.S.C. § 922(g)(9) precluded him from possessing firearms. The State claimed that this federal law preempted state law, and therefore Kincer was prohibited from having his right to possess a firearm restored.

The trial court denied Kincer's request for restoration of his right to possess a firearm under RCW 9.41.040(4). The court ruled that conflict preemption applied because it was not

4

No. 57196-0-II

possible to apply both RCW 9.41.040(4) and 18 U.S.C. § 922(g)(9). And because federal law preempted Washington law, Kincer could not have his right to possess a firearm restored under RCW 9.41.040(4).

Kincer appeals the trial court's order denying his petition for restoration of his right to possess a firearm.

ANALYSIS

A.     RESTORATION OF RIGHT TO POSSESS A FIREARM

Kincer argues that he is entitled to the restoration of his right to possess a firearm under RCW 9.41.040(4). We agree.

Under RCW 9.41.040(2)(a)(i), a person is guilty of second degree unlawful possession of a firearm if they own, possess, or control any firearm and the person previously was convicted (or found not guilty by reason of insanity) of fourth degree assault involving domestic violence.

However, RCW 9.41.040(4)(a) states that a person who has been prohibited from possessing a firearm under subsection (2) "may petition a court of record to have his or her right to possess a firearm restored." The petitioner must not previously have been convicted (or found not guilty by reason of insanity) of a sex offense, a class A felony, or a felony with a maximum sentence of at least 20 years. RCW 9.41.040(4)(a). In addition, the petitioner must have (1) gone three or more consecutive years with no convictions or findings of not guilty by reason of insanity; (2) no current felony, gross misdemeanor, or misdemeanor charges; (3) no prior felony convictions that prohibit the possession of a firearm counted as part of their offender score under RCW 9.94A.525; and (4) completed all conditions of their sentence. RCW 9.41.040(4)(a)(ii)(B).

5

No. 57196-0-II

Significantly here, there is no requirement under RCW 9.41.040(4)(a) that the petitioner's possession of a firearm be lawful under federal law in order to obtain an order restoring the petitioner's right to possess a firearm under Washington law.

If the petitioner has satisfied the statutory requirements, the trial court is required to enter an order restoring the petitioner's right to possess a firearm. *State v. Swanson*, 116 Wn. App. 67, 75, 65 P.3d 343 (2003). "On its face, RCW 9.41.040(4) gives no discretion to the restoring court once the enumerated, threshold requirements are met." *Id.* If the petitioner has met the statutory requirements, the court merely performs a ministerial function to restore the petitioner's right to possess a firearm. *Id.* at 78.

Here, Kincer declared, and the State has not contested, that he had satisfied all the requirements of RCW 9.41.040(4)(a). Because Kincer has met these requirements, we hold that he is entitled to the restoration of his right to possess a firearm under Washington law.

B.     FEDERAL PREEMPTION OF RCW 9.41.040(4)

Kincer argues that federal law does not preempt RCW 9.41.040(4) and does not preclude him from having his right to possess a firearm restored under Washington law. We agree.

1.     Legal Principles

The Supremacy Clause of the United States Constitution, article VI, clause 2, gives the federal government the power to preempt state law. *Glacier NW, Inc. v. Int'l Brotherhood of Teamsters Loc. Union No. 174*, 198 Wn.2d 768, 783, 500 P.3d 119 (2021), *cert. granted,* 145 S. Ct. 82 (2022). Conflict preemption occurs when federal and state laws conflict because compliance with both is impossible or state law operates as an obstacle to accomplishing the purpose of federal law. *Sherwood Auburn LLC v. Pinzon*, 24 Wn. App. 2d 664, 677, 521 P.3d 212, (2022), *review denied*, 1 Wn.3d 1005 (2023). "Compliance is impossible when a federal

6

No. 57196-0-II

law forbids an action that state law requires." *West v. Seattle Port Comm'n*, 194 Wn. App. 821, 830-31, 380 P.3d 82 (2016).

However, there is a strong presumption against federal preemption of state law. *Waste Mgmt. of Wash., Inc. v. Wash. Utils. & Transp. Comm'n*, 24 Wn. App. 2d 338, 350, 519 P.3d 963 (2022), *review denied,* 1 Wn.3d 1003 (2023). Our Supreme Court " 'adhere[s] to a rigorous analysis of the preemption issue because of [its] continuing desire to uphold state sovereignty to the maximum extent, tempered only by the mandate of the Supremacy Clause of the United States Constitution.' " *Kissan Berry Farm v. Whatcom Farmers Coop.*, 23 Wn. App. 2d 490, 501, 516 P.3d 821 (2022) (quoting *Hue v. Farmboy Spray Co.*, 127 Wn.2d 67, 77, 896 P.2d 682 (1995)). And the party claiming preemption has the burden of proof. *Gartner, Inc. v. Dep't of Revenue*, 11 Wn. App. 2d 765, 788, 455 P.3d 1179 (2020).

We review federal preemption issues de novo. *Wal-Mart Stores, Inc. v. United Food & Com. Workers Int'l Union*, 190 Wn. App. 14, 21, 354 P.3d 31 (2015).

2. Federal Law

Under 18 U.S.C. § 922(g)(9), it is unlawful for anyone "who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport . . . or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." This provision is known as the Lautenberg Amendment. *United States v. Chovan*, 735 F.3d 1127, 1137 (9th Cir. 2013).

A "misdemeanor crime of domestic violence" is defined as "a misdemeanor under Federal, State, Tribal, or local law" and

> has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent,

7

No. 57196-0-II

or guardian, by a person similarly situated to a spouse, parent, or guardian of the victim, or by a person who has a current or recent former dating relationship with the victim.

18 U.S.C. § 921(33)(A).

However, an individual is not considered to have been convicted of a misdemeanor crime of domestic violence if

the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored (if the law of the applicable jurisdiction provides for the loss of civil rights under such an offense) unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(33)(B)(ii).

### 3. Preemption Analysis

The issue here is whether conflict preemption applies. We conclude that RCW 9.41.040(4) does not conflict with 18 U.S.C. § 922(g)(9).

Washington law – RCW 9.41.040(2)(a)(i) – prohibits a person convicted of fourth degree assault domestic violence from possessing a firearm. RCW 9.41.040(4) removes that prohibition if certain requirements are satisfied. In other words, once the statutory requirements are satisfied and the court enters an appropriate order, it no longer is unlawful *under Washington law* for a person convicted of fourth degree assault domestic violence to possess a firearm.

Federal law – 18 U.S.C. § 922(g)(9) – prohibits a person convicted of fourth degree assault domestic violence from possessing a firearm in or affecting commerce. Like RCW 9.41.040(4), 18 U.S.C. § 921(33)(B)(ii) allows a person convicted of fourth degree assault domestic violence to possess a firearm if certain requirements are satisfied.

These provisions do not conflict for at least four reasons. First, RCW 9.41.040(4) and 18 U.S.C. § 922(g)(9) do not conflict with one another because they address different bodies of law.

8

No. 57196-0-II

18 U.S.C. § 922(g)(9) states that it is unlawful for a person convicted of fourth degree assault domestic violence to possess a firearm *under federal law*. RCW 9.41.040(4) states when it no longer is unlawful for a person convicted of fourth degree assault domestic violence to possess a firearm *under Washington law*.

Second, one way in which it would be impossible to comply with both state and federal law is when state law requires what federal law prohibits. *West*, 194 Wn. App. at 830-31. RCW 9.41.040(4) does not *require* a person convicted of fourth degree assault domestic violence to possess a firearm. Such a statute would be preempted because that requirement would be prohibited under federal law. Instead, RCW 9.41.040(4) merely *allows* a person convicted of fourth degree assault domestic violence to possess a firearm under certain circumstances.

Similarly, 18 U.S.C. § 922(g)(9) does not *require* a state to deny a request to restore the right of a person convicted of fourth degree assault domestic violence to possess a firearm under state law. Such a statute would trigger conflict preemption because the Washington requirement would be prohibited under federal law. Instead, 18 U.S.C. § 922(g)(9) does not address the restoration of a right to possess a firearm by state courts.

Third, the fact that possession of a firearm may be lawful under RCW 9.41.040(4) does not interfere with the application of 18 U.S.C. § 922(g)(9). Under the Supremacy Clause, 18 U.S.C. § 922(g)(9) still controls. *See Sherwood Auburn*, 521 P.3d at 677. Therefore, it may be unlawful under federal law for a person convicted in Washington of fourth degree assault domestic violence to possess a firearm regardless of whether that person's right to possess a firearm has been restored under Washington law. RCW 9.41.040(4) has no effect on a person's ability to actually possess a firearm under federal law.

No. 57196-0-II

Fourth, the result would be different if Kincer was demanding that he be allowed to possess a firearm. That was the situation in *Barr v. Snohomish County Sheriff*, 193 Wn.2d 330, 440 P.3d 131 (2019). In that case, an applicant for a concealed pistol license (CPL) who had prior felony convictions filed a petition for writ of mandamus to compel the county sheriff to issue him a license. *Id.* at 333-34. The court held that the sheriff was not required to issue the applicant a CPL based on 18 U.S.C. § 922(g). *Id.* at 340. But the court stated that it "express[ed] no opinion on [the applicant's] right to possess firearms as a matter of state law." *Id.*

*Barr* stands for the proposition that federal law would prevent Kincer from demanding that he be issued a license to possess a firearm or demanding that he be sold a firearm. But Kincer is making no such demands. He merely is petitioning for an order restoring his right to possess a firearm under Washington law.

The State cites to several cases from other jurisdictions to argue that 18 U.S.C. § 922(g)(9) preempts RCW 9.41.040(4).[2] However, these cases either do not deal with the issue of restoring a state right to possess firearms or the relevant state law for restoration of a right to possess firearms in those cases specifically reference federal law, unlike RCW 9.41.040(4). And none of these cases address preemption.

We hold that 18 U.S.C. § 922(g)(9) does not preempt RCW 9.41.040(4). Therefore, Kincer is entitled to have his right to possess a firearm restored under RCW 9.41.040(4).

---

[2] *Bergman v. Caulk*, 938 N.W.2d 248 (Minn. 2020); *State ex rel. Suwalski v. Peeler*, 2020-Ohio 3233, 155 N.E.3d 47 (Ct. App.); *James v. State*, 229 Cal. App. 4th 130, 176 Cal. Rptr. 3d. 806 (2014); *In re Parsons*, 218 W. Va. 353, 624 S.E.2d 790 (2005); *State v. Wahl*, 365 N.J. Super. 356, 839 A.2d 120 (App. Div. 2004); *Pa. State Police v. McPherson*, 831 A.2d 800 (Pa. Commw. Ct. 2003).

10

No. 57196-0-II

However, we emphasize that it still may be unlawful for Kincer to possess a firearm under federal law. In this situation, trial courts may want to insert a clause in the restoration order stating that the order does not affect the petitioner's right to possess a firearm under federal law.

CONCLUSION

We reverse the trial court's order denying Kincer's petition to restore his right to possess a firearm and remand for the trial court to enter an order restoring Kincer's right to possess a firearm under Washington law.

_____
MAXA, J.

We concur:

_____
GLASGOW, J.

_____
CHE, J.